IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF
AMERICA,

        Plaintiff,

v.                                          Case No. 13-40121-002-JTM

JAKEEM C. COOPWOOD and
LASHON N. STEWART,

        Defendants.

**MEMORANDUM AND ORDER**

Before the court is defendant Lashon N. Stewart's Motion for Records (Dkt. 57). On May 9, 2014, Stewart pled guilty to one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). (Dkt. 38). He was sentenced to 84 months' imprisonment and is now incarcerated. (Dkts. 52, 57). Stewart now requests "any and all Records in the possession of your court and clerks regarding the (requester) Lashon N. Stewart" under the Freedom of Information and Privacy Acts ("Acts") with reduced or waived fees. (Dkt. 57).

The Acts do not apply to the court. 5 U.S.C. § 551. However, pro se pleadings must be construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). The court therefore construes defendant's filing as a request to produce documents.

"Absent a showing of a particularized need, the Court generally does not provide copies of transcripts or other information to indigent prisoners." *United States v.*

1

*Dozal-Alvarez*, 2011 WL 2670089, at *4 (D. Kan., July 7, 2011). A habeas corpus petitioner may request a free sentencing transcript pursuant to 28 U.S.C. § 753(f). "If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis," he is entitled to documents or parts of the record without cost. 28 U.S.C. § 2250. Prisoners are not otherwise entitled to free transcripts to search for errors. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992).

Stewart seeks "any and all Records" in the court or clerk's possession, including docket sheets or reports from this case, his Plea Agreement, and his Final Sentencing Transcript. He has not filed a habeas petition, and is therefore not yet entitled to free copies of documents or the sentencing transcript. Stewart fails to assert a reason for his need of the documents requested and is therefore not entitled to production. Until he shows a particularized need for the documents requested, he can obtain them from the office of the clerk by paying the requisite fees.

IT IS ACCORDINGLY ORDERED this 9th day of December, 2014, that defendant's motion (Dkt. 57) is DENIED.

                                                          s/ J. Thomas Marten  
                                                         J. THOMAS MARTEN, JUDGE